IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1429-BD |
| | § | |
| ADIMORA E. ETUMNU | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States of America, by and through the U.S. Attorney for the Northern District of Texas, has filed a motion for summary judgment in this civil action to collect a defaulted federally insured student loan. For the reasons stated herein, the motion is granted.

I.

On April 14, 1996, Defendant Adimora E. Etumnu executed a promissory note to secure a $12,706.27 loan from the U.S. Department of Education under Title VI, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, *et seq.* (*See* Plf. App. at 003-04, 010).[1] When defendant defaulted on his payment obligations, plaintiff filed suit in federal district court. Plaintiff now moves for summary judgment on its claim for the unpaid principal and interest due under the note. Defendant was ordered to file a response to the motion by October 31, 2006, but has failed to do so. The court therefore considers the summary judgment motion without the benefit of a response.

---

[1] Although the loan application and promissory note reflect that defendant has an obligation to repay $12,735.27, only $12,706.27 was disbursed through the federal loan consolidation program.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U .S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who has the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir.1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir.1993).

Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See, e.g. United States v. Chumbley*, No. 3-99-CV-1848-BC, 2000 WL 1010673 at *2 (N.D. Tex. Jul. 20, 2000) (citing cases). In order to prevail on its motion, plaintiff must establish that: (1) defendant executed the promissory note; (2) plaintiff is the present holder of the note; and (3) the note is in default. *Id*; *see also FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). All three elements are met here. In a sworn certificate of indebtedness attached to its motion, plaintiff has established that defendant executed the promissory note on or about April 14, 1996, that the note

belongs to the United States of America, and that defendant has been in default on his payment obligations since June 30, 1996. (*See* Plf. App. at 010). After the allowance of all just and lawful offsets, payments, and credits, defendant owes $12,706.27 in principal and $8,214.99 in interest, for a total of $20,921.26, as of December 2, 2005. (*Id.*). Interest continues to accrue at the rate of 6.10% per annum and a daily rate of $2.12 through June 30, 2006. (*Id.*). Without any evidence or argument from defendant to controvert these facts, plaintiff is entitled to judgment as matter of law.

## **CONCLUSION**

Plaintiff's motion for summary judgment [Doc. #9] is granted. Counsel for plaintiff shall submit a proposed judgment consistent with this opinion by **November 20, 2006.**

SO ORDERED.

DATED: November 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE